**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO: GLR-10-0373** |
| | * | |
| **RANDALL MCLEAN,** | * | |
| | * | |
| **Defendant** | * | |

*************

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S  MOTION FOR NEW TRIAL**

Now comes the United States of America by its counsel, Rod J. Rosenstein, United States

Attorney for the District of Maryland,  and John F. Purcell, Jr., Assistant United States Attorney

for said District and in response to the Defendant's Motion for New Trial says:

**I. Background**

On November 7, 2012, the defendant, Randall McLean ("McLean"), was convicted of

possession with intent to distribute cocaine.  As may be recalled from the trial, it was shown that

on March 3, 2010, McLean gained entry to a vacant home at 2204 Guilford Avenue and that he

conducted what the police believed to be a hand to hand drug transaction in the rear alley.  Upon

his arrest, police recovered the key to the padlocked rear door of 2204 Guilford from McLean.

Inside, police recovered several packages of cocaine from the kitchen and front room closet, as

follows:

      bag - 20 black top vials/cocaine
      bag - 20 black top vials/cocaine
      bag - 20 black top vials/cocaine
      bag of suspected powder/cocaine, .25 ounce of cocaine

1

b. shelf of closet- first floor front room:

>3 bags with cocaine, two containing .13 ounces of cocaine and one with .25
>Ounce; and packaging materials

c. closet floor, 1st floor front room:

>bag - 20 orange top vials
>bag - 20 orange top vials
>bag - 20 orange top vials

Parole records showed that McLean resided at 313 E. 23rd Street, which is just around the corner from 2204 Guilford.  During the subsequent search of that location, police recovered a computer bag from the second floor rear bedroom, which other occupants linked to McLean. The computer bag contained packaging materials and a digital scale from which heroin and cocaine residue were recovered.  Several  "Cap em Quik" trays, used to package narcotics, were also found in the computer bag.

At trial, McLean sought to establish that the jury should not believe the testimony of police witnesses that McLean had accessed 2204 Guilford and conducted a drug transaction in the rear alley.  McLean argued, and continues to argue, that because the individuals who met in the rear alley were not immediately stopped by the police there was no way to tell whether a drug transaction had even occurred.  McLean also elicited testimony (albeit weak) to support his argument that, since padlocks are typically sold with more than one key, the police must have observed someone other than McLean use a key to enter 2204 Guilford.  McLean also strongly suggested in cross-examination and argument that the police were not being truthful about seeing McLean conduct a drug transaction and were untruthful in other aspects of their testimony.

2

Despite counsel's strenuous efforts on McLean's behalf, it must also be noted that, regardless of what they argue now, the state of the evidence at trial was such that counsel acknowledged advising McLean to accept a government plea offer.

Sentencing is scheduled for January 29, 2013.

## II.  Discussion

### A.    Motions for New Trial Are To be Granted Sparingly and Only When the Verdict is Heavily Against the Weight of the Evidence.

The various grounds presented by McLean in support of his motion for new trial are a rehash of previously denied motions and overruled objections.  The framework upon which motions for new trial are to be considered by the trial court is as follows.  Under Rule 33 of the Federal Rules of Criminal Procedure, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  *See*, *United States v. Griffin*, ___F.3d ___, 2012 WL 3009462 (4th Cir. 2012).  With regard to Rule 33, "a trial court should exercise its discretion to award a new trial sparingly, and a jury verdict is not to be overturned *except in the rare circumstance when the evidence weighs heavily against it.*"  *United States v. Smith*, 451 F.3d 209, 216-17 (4th Cir. 2006) (emphasis added); *United States v. Ranaldson*, 386 Fed.Appx. 419, 427 (2010) (same).  On appeal, the denial of a motion for new trial is reviewed for abuse of discretion.  *United States v. Robinson*, 627 F.3d 941, 948 (4th Cir. 2010).  Here, McLean has failed to present any factual or legal basis upon which a new trial could be granted.

**B.      There Were No Improper Comments by Government Counsel**

McLean submits that the government, presumably the undersigned in rebuttal (as there

was no such objection during Mr. Clark's closing argument) improperly commented on

McLean's failure to testify and suggested that McLean had a burden to produce evidence.  Def.

Mot. at 2.  Such a claim warrants reversal only if the reviewing court determines the comment:

(1) was improper, and (2) "so prejudicially affected the defendant's substantial rights as to

deprive [her] of a fair trial."  *United States v. Jones*, 471 F.3d 535, 542 (4th Cir. 2006).  A

prosecutor's statement does not amount to an improper comment on a defendant's refusal to

testify unless, in context, the offending language was "manifestly intended to be, or [was] ... of

such character that the jury would naturally and necessarily take it to be a comment on the failure

of the accused to testify."  *Id.*  Relevant to this inquiry is whether "the comment[ ] ... invited the

jury to draw an 'inference of guilt' against the defendant."  *United States v. Francis*, 82 F.3d 77,

79 (4th Cir.1996) (*quoting Griffin v. California*, 380 U.S. 609, 614, (1965)).  Moreover, even if

improper, a comment that does not affect a defendant's substantial rights constitutes harmless

error.  *See United States v. Hasting*, 461 U.S. 499, 507–10 (1983) (providing standard); *United

States v. Wilson*, 135 F.3d 291, 299 (4th Cir.1998); *United States v. Hunter*, 464 Fed.Appx. 177,

179 (4th Cir. 2012).  A comment on the weaknesses of the defense's case is not necessarily, or

even ordinarily, a comment upon the defendant's failure to testify.  *See United States  v. Jones*,

471 F.3d 535 (4th Cir. 2006).  Also, remarking on failure of *the defense*, as opposed to the

defendant, to counter or explain evidence is not impermissible comment on defendant's failure to

4

testify.  *See, e.g.*, *United States v. Holmes*, 30 Fed.Appx. 302 (4th Cir. 2002).

While the actual comments to which McLean objects are not included in his motion, the Court will recall that it overruled McLean's objection (during rebuttal) that the undersigned improperly commented on McLean's failure to testify.  The Court was correct, as no such comment was made nor did the government argue that McLean had a burden to produce evidence.  Regardless, absent something more specific to which the government can respond, the government is satisfied to rely on the Court's initial assessment at trial, which was that McLean's objection to the government's rebuttal argument was without merit.

Moreover, in light of the evidence, which, as noted, included that McLean conducted a drug transaction in the rear alley of 2204 Guilford, that he possessed the key to the padlocked rear door for that structure, and that a large quantity of packaged cocaine was recovered inside (much of it in plain view and readily accessible to the rear door) there can be no serious claim that any comment made during the government's argument would now support a finding that the verdict was "**heavily against the weight of the evidence.**"  *See Smith*, 451 F.3d at 217 (emphasis added).

   **C.      Any Limitation of Kiara Winder's Testimony Did Not Cause the Verdict to
            Be Against the Weight of the Evidence.**

McLean next presents a rather convoluted argument that had defense witness Kiara Winder been permitted to testify that she was not advised of her *Miranda* rights when she encountered the police at 313 East 23rd Street, her contradiction of Detective Mays's testimony in that regard would have impeached Detective Mays to such a degree that McLean would have

been acquitted.  Def.  Mot.  at 3.[1]  The defense called Ms. Winder, who confirmed that she lived

at the residence with her grandmother and mother; that she considered McLean to be a "brother;"

that McLean frequented the residence; and that she had seen McLean in the neighborhood that

day.[2]  Ms. Winder also strenuously denied that she had ever previously seen the computer bag,

scale and drug trafficking paraphernalia recovered from her bedroom by Mays.  Ms. Winder

suggested during cross-examination that the computer bag and its contents were planted by the

police.

 Unfortunately for McLean, the trial did not turn on what Detective Mays did or did not do

at 313 E. 23rd Street, but rather upon the uncontradicted evidence, including (to repeat) McLean's

possession of the key for the rear door of 2204 Guilford and the recovery of packaged cocaine

from a kitchen cabinet only a few steps from that door.  Given these circumstances, it is difficult

to conceive how any contradiction of Detective Mays on the utterly inconsequential point of

whether he Mirandized Ms. Winder (who had serious credibility problems of her own) could

have affected the weight of the evidence to the extent that the court could now conclude that the

verdict was "*heavily against the weight of the evidence.*"

 While McLean repeatedly sought to impeach Detective Mays, it might be remembered

---

[1] As discussed below, a defense witness, Ms. Winder,  provided important evidence linking McLean to 3123 E. 23rd St. and to the neighborhood surrounding 2204 Guilford, which was around the corner.  This testimony, like the prior crime evidence admitted pursuant to Rule 404(b),  tended to corroborate the identification of McLean by Det.  Mays–who McLean suggested was being untruthful.

[2] McLean's grandmother opined that a key recovered from McLean was for 313 E. 23rd.

that the key to 2204 Guilford (the literal key to the case) was actually recovered from McLean by

Detective Craig Streett.   Other than McLean's argument suggesting a broad police conspiracy,

Detective Streett's testimony in this regard was not impeached.   Nor were any of the police

witnesses shown to have a particular bias against McLean or any reason to fabricate testimony

against McLean.   Indeed, McLean's entire defense was based on the ostensible weaknesses and

omissions in the testimony of the police witnesses as to what they *didn't* see McLean do, what

they *didn't* seize from the individuals behind 2400 Guilford, what they *didn't* seize from McLean

and what was *not* found at 313 E. 23rd Street.   Given that the jury acquitted McLean on Count

Two, it would seem that if the police conspired to commit perjury in order to wrongly convict

McLean, they did a pretty bad job.

McLean also greatly exaggerates the significance, if any, of Detective Collins's response

to a leading, isolated, and out-of- context question during cross-examination as to how searches

are "usually" conducted ("every room") from which McLean implausibly extrapolates that

Detective Mays did not follow "proper procedure" when he searched only Ms. Winder's

bedroom at 313 E. 23rd (to which he had been directed).   Def. Mot at 3-4.   McLean seems to fault

Detective Mays for NOT following "procedure" and tearing apart the entire premises before he

recovered the computer bag, digital scale and drug packaging paraphernalia from Ms. Winder's

bedroom.   As to Ms. Winder, she unconvincingly testified that she had never seen the computer

bag - or its contents - before, though she was *certain* that the Defendant (her "brother") did not

put it in her bedroom.   She would have the jury believe that the police planted the computer bag.

Of course, McLean's efforts to use Det. Collins's response to a very general question about search protocol to distract the jury from the evidence that linked McLean to the cocaine recovered inside 2204Guilford was ineffectual.  It was obvious to the Court and the jury that Detective Collins did not "contradict" Detective Mays at all, though this did not keep McLean from attempting to shift the jury's focus with the nonsensical argument repeated in his motion.[3]

 McLean has again failed to show how, in light of the evidence linking McLean to the cocaine found at 2204 Guilford, the assertedly disallowed impeachment of Detective Mays resulted in a verdict that was so "heavily against the weight of the evidence" as to require a new trial.

> **D.     McLean's Prior Drug Trafficking Conduct and Convictions Were Relevant and Necessary Pursuant to Rule 404 (b) as Evidence of McLean's Intent, Possession and Identity and as Corroboration of Witnesses Impeached by McLean.**

McLean's next argument for new trial repeats his failed objection to the admission pursuant to Rule 404(b) of evidence of his prior drug trafficking convictions.  As previously discussed in the government's motion *in limine*,  Federal Rule of Evidence 404(b) provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of

---

[3] While the trial transcript is not available at this juncture and the Court's memory must control, the undersigned recalls that during cross-examination Ms. Winder may have denied being advised of her Miranda rights (as she also denied stating that McLean used her bedroom–the source for which was more likely to have been her grandmother).

mistake or accident."  For prior bad acts to be admissible under Rule 404, they must be: (1) relevant to an issue other than character, (2) necessary to prove an element of the crime or the context of the crime, (3) reliable, and (4) the probative value must not be substantially outweighed by the prejudicial effect.  *See United States v. Byers*, 649 F.3d 197, 206 (4th Cir. 2011).  Notably, "Rule 404(b) is a rule of inclusion, 'admitting all evidence of other crimes or acts except that which tends to prove *only* criminal disposition.'"  *Id*. at 206 (quoting *United States v. Young*, 248 F.3d 260, 271-72 (4th Cir. 2001)).

As discussed previously, McLean's plea of not guilty put at issue *all* elements of the offense charged, including his knowledge, intent, possession and identification as the perpetrator of the charged offense.  *See United States v. Mark*, 943 F.2d 444, 448 (4th Cir. 1991) ("Mark has clearly placed these elements directly in issue by his plea of not guilty.").  In *United States v. White*, 405 F.3d 208, 212 (4th Cir. 2005), the Fourth Circuit affirmed the district court's admission of 404(b) evidence of the defendant's prior narcotics sales.  There, the Fourth Circuit held that the evidence of the defendant's prior drug sales established that "he possessed the requisite knowledge and intent to commit the charged offense," in that case conspiracy.  *Id*. at 213.  The law as to admissibility of evidence pursuant to Rule 404(b) has not changed since the trial.

Prior to trial the government's argument in support of the relevance and necessity of this evidence was based on the expectation that McLean's defense would be that he was wrongly identified.  At this juncture, that expectation is reality, as the Court has seen that McLean did in

fact seek to discredit the government's witnesses and establish that: 1) that there was only "weak and circumstantial" evidence that a drug transaction occurred in the alley to the rear  2400 Guilford; 2) either accidentally or deliberately, the police witnesses mis-identified McLean as the individual seen entering 2400 Guilford; and 3) that someone other than McLean must have had a key to that residence.  McLean also argued, not very subtly, that all of the police witnesses testified untruthfully.  However, as the government observed in its pretrial responses, the Fourth Circuit has held that attacks on witness credibility such as made by McLean actually operate to *increase* the need for and relevance of Rule 404 evidence.

McLean also incorrectly suggests that the law requires that the two prior drug transactions were required to be *identical* to the transaction observed at the rear of 2400 Guilford on March 3, 2010.  Def. Mot. at 6.  That prior acts admitted pursuant to Rule 404(b) be identical to the charged conduct has never been required.  Regardless, the prior drug transactions conducted by McLean were actually very similar to the transaction conducted the alley behind 2404 Guilford. All three drug transactions occurred in the same neighborhood; they all involved McLean being in direct contact with the customers; and in one of the two prior instances, McLean used a remote stash location, much as he used 2204 Guilford on March 3, 2009.[4]  One of the two prior instances involved the distribution of black-top vials of cocaine; and, most importantly, both of the prior drug trafficking transactions and the charged conduct involved <u>McLean</u>.

---

[4] In the incident of January 14, 2004, police recovered  66 gel caps of heroin and 17 vials of cocaine from a stash accessed by McLean under the front porch of the house at 328 East 20 ½ Street.  On February 13, 2004, an undercover BPD officer purchased two black top vials of cocaine from McLean and seized six vials more from his person.

In addition to the similarity of the conduct, McLean's determined efforts to impeach every aspect of Detective Mays's testimony only served to make the admission of the Rule 404(b) evidence that much *more* "necessary and relevant" to the issues of  possession, identity and intent that McLean relentlessly challenged.  The Fourth Circuit has recognized that where "cross-examination of the government witnesses create[s] a significant credibility issue, thereby 'generat[ing] uncertainty'" about whether the Defendant committed the crime, 404(b) evidence that serves to confirm that testimony is necessary.  *See United States v. Byers,* 649 F.3d 197, 209 (4th Cir. 2011).

McLean posits that the Rule 404 (b) evidence should not have been admitted because the evidence that a drug transaction occurred in the alley to the rear of 2404 Guilford was "entirely circumstantial and much less strong" than the Rule 404 (b) evidence itself.  Def. Mot. at 7. While that is not the case, it remains that the Fourth Circuit has held that when trial evidence is challenged, Rule 404 (b) evidence becomes *more* necessary and *more* relevant, not *less* so*.*  "[A]s the quantum of other non-Rule 404(b) evidence available to prove an issue unrelated to character increases, the need for the Rule 404(b) evidence decreases." *Byers*, 649 F.3d at 210 (quoting *United States v. Lighty*, 616 F.3d 321, 354 (4th Cir. 2010) ("[I]f the Rule 404(b) evidence is entirely cumulative to other non-Rule 404(b) evidence available to the government, the Rule 404(b) evidence may not meet the necessity prong.")).  However, as the Court held in *Byers*, "the inverse is true as well, such that Rule 404(b) evidence is more likely to become necessary where the evidence intrinsic to the crime at issue is sparse or weak." *Byers*, 649 F.3d at 610 *(*citing

*United States v. Wilson*, 624 F.3d 640, 654 (4th Cir. 2010)); *United States v. DiZenzo*, 500 F.2d 263, 266 (4th Cir.1974).  As stated in *Byers*:  " Logically, then, when the evidence presented to the jury 'generate[s] uncertainty' about motive or identity, 'resort to ... other crimes evidence [may be] appropriate.'"  *Byers,* 649 F3d. at 610.

As in *Byers*, McLean's cross-examination of the government's witnesses was intended to create a significant credibility issue, and "generate uncertainty" about their testimony that McLean conducted a drug deal in the rear alley and that he possessed the key for 2204 Guilford. Unfortunately for McLean, however, Fourth Circuit precedent holds that McLean cannot on one hand generate a credibility issue as to the government's witnesses, while on the other object to evidence that responds to those attacks.  *See Byers*, 649 F.3d at 210 (citing *United States v. Gettel*, 474 F.3d 1081 (8th Cir. 2007) (explaining that the government may refute defendant's attacks on witness testimony with Rule 404(b) evidence)); *United States v. Hersh*, 297 F.3d 1233, 1254 n. 31 (11th Cir. 2002) (same).  Accordingly, the Court was correct to allow the government to introduce evidence of prior crimes pursuant to Rule 404(b).

> **E.**    **The Evidence Recovered at 313 E. 23rd Was Intrinsic to the Offense of Conviction and Relevant Because It Tended to Link McLean to the Cocaine Recovered at 2204 Guilford.**

McLean asserts that a new trial is warranted because "the government failed to prove that the evidence from 313 E. 23rd Street was relevant to its case."  Def. Mot. at 8.  Federal Rule of Evidence 401 defines relevant evidence as tending to make a fact "of consequence in determining the action" more or less probable.

As the Court may recall, after McLean was arrested, the police obtained a search warrant for 313 E. 23rd Street, which probation records indicated was McLean's residence.  Detective Mays testified that while executing that warrant he learned from one of the occupants (he was not sure which) that McLean occasionally used Ms. Winder's second floor rear bedroom.  The ensuing search of Ms. Winder's bedroom resulted in the recovery of a computer bag that contained a digital scale and drug packaging paraphernalia.

Cocaine residue was found on the digital scale.  It may be recalled that DEA Special Agent Ellington opined that a digital scale would have been required to measure the valuable, multi-grams of cocaine found in several baggies at 2204 Guilford–although no digital scale was found there.  The only location at which a digital scale was found was around the corner, at 313 E. 23rd Street, to which McLean was linked in a substantial way by his own witnesses.  That proximity to 2204 Guilford, the cocaine residue on the scale, the absence of a digital scale at 2204 Guilford and the evidence that tied McLean to 313 E. 23rd combined to "tend" to make McLean's possession of cocaine at 2204 Guilford "more probable."  That is all that Rule 401 required for the admission of the evidence from 313 E. 23rd Street.

As with the Rule 404(b) evidence, the evidence that linked McLean to 313 E. 23d Street was relevant to the critical issues of possession, intent and identity.  However, unlike the Rule 404 evidence, the evidence from 313 E. 23rd was *intrinsic* to telling the complete story of the charged conduct.  As discussed in the government's motion *in limine*, the Fourth Circuit has held that "[o]ther criminal acts are intrinsic when they are inextricably intertwined or both acts are

part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996).  In other words, "[e]vidence is intrinsic if it is necessary to provide context relevant to the criminal charges." *United States v. Basham,* 561 F.3d 302, 326 (4th Cir. 2009).  Using the language of Rule 401, particularly given testimony that linked McLean to that residence, the evidence recovered at 313 E. 23rd Street clearly tended to make it "more probable" that McLean conducted a drug transaction in the rear alley of 2204 Guilford; that McLean entered 2204 Guilford; that McLean possessed the key for 2204 Guilford and that he possessed the cocaine recovered within.  Relevance *alone,* the tendency to prove matters at issue*,* was the threshold requirement for admission of the evidence from 313 E. 23rd Street, and that threshold was easily met.

## Conclusion

Given the strength of the evidence, which McLean's attorneys have conceded, it is inconceivable that introduction of the evidence from 313 E. 23rd Street, relevant or otherwise, could have caused the jury to reach a verdict that "weighed heavily against the evidence." Furthermore, because none of the grounds asserted by McLean could have caused such a result, the government respectfully submits that McLean's motion for new trial must be denied.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


By:_____/s/_____
    John F. Purcell, Jr.
    Assistant United States Attorney
    36 South Charles St., 4th Floor
    Baltimore, Maryland 21201
    (410) 209-4800


## CERTIFICATE OF SERVICE

This is to certify that on this 11th day of January, 2013, a copy of the foregoing

Government's Response to Defendant's Motion for New Trial was served on defense counsel via

electronic filing.


_____/s/_____
John F. Purcell, Jr.
Assistant United States Attorney